UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:11-cr-87-MMH-MCR
     3:98-cr-144-MMH-LLL

JAMES D. SPENCE, JR.   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

  ☒ FACTORS CONSIDERED

Defendant James D. Spence, Jr., is a 69-year-old inmate incarcerated at Yazoo City USP, serving a 240-month term of imprisonment for four counts of making interstate transmissions of a threat to injure. (Doc. 27, Judgment).[2]

---

[1] The United States concedes that Spence has satisfied § 3582(c)(1)(A)'s exhaustion requirement. (Doc. 54, Response at 4).

[2] Unless otherwise indicated, "Doc. ___" refers to docket entries in the lead case, No. 3:11-cr-87-MMH-MCR.

Spence is also serving a consecutive term of 24 months in prison for violating the conditions of supervised release in Case Number 3:98-cr-144-MMH-LLL. According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on July 22, 2029. Defendant, through appointed counsel, seeks compassionate release because he is over 65 years old, has served more than 10 years in prison, and is suffering from a serious deterioration in physical health because of the aging process, and because he is suffering from a terminal illness. See U.S.S.G. § 1B1.13, cmt. 1(A), (B). (Doc. 52, Motion for Compassionate Release; see also Doc. 45, Pro Se Motion for Compassionate Release). The United States filed a response in opposition. (Doc. 54, Response). Spence filed a reply with the Court's permission. (Doc. 57, Reply). The request for compassionate release is due to be denied.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a

> reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that the applicable policy statement, U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act. United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021). A movant for compassionate release must prove that a reduction in sentence is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

According to the applicable policy statement, a district court may reduce a term of imprisonment if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that:

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

3

U.S.S.G. § 1B1.13. "Extraordinary and compelling reasons" exist to reduce a defendant's sentence in the following circumstances: (A) when the defendant is suffering a terminal illness or a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," (B) old age, (C) certain family circumstances, and (D) other reasons, other than or in combination with those listed in (A) through (C), as determined by the BOP Director. U.S.S.G. § 1B1.13, cmt. 1.

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021); see also United States v. Giron, 15 F.4th 1343, 1346 (11th Cir. 2021) (same). However, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order." Tinker, 14 F.4th at 1237. "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

4

Spence is 69 years old and has been in prison for approximately 11 years. The records reflect that he suffers from coronary artery disease, heart failure, chronic obstructive pulmonary disorder (COPD), and hepatic cirrhosis, among other conditions. (Doc. 53, Medical Records at 307, 495–96). He was hospitalized from June 30 to August 19, 2021, due to cardiomyopathy. Id. at 11–22. In November 2021, Spence underwent a procedure to have an internal cardiac defibrillator put in place. Id. at 481. Although he can walk short distances, he relies on a wheelchair. Id. at 12, 18. Because of his medical conditions, the BOP has submitted paperwork to transfer Spence from Yazoo City USP to Butner FMC, which Spence anticipates will occur in the near future. Motion for Compassionate Release at 4 n.7; Medical Records at 481. Based on these facts – which the United States does not dispute – the Court finds that Spence has shown "extraordinary and compelling" circumstances under § 3582(c)(1)(A) and the policy statement, whether because of his medical condition, U.S.S.G. § 1B1.13, cmt. 1(A), or because of his age and deteriorating health, id., cmt. 1(B).

However, the Court is unable to conclude that Spence is not a danger to another person or to the community. The policy statement provides that a court may grant a reduction in sentence only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Under § 3142(g), a court must consider four

5

factors: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," including family ties, community ties, past conduct and criminal history, and "record concerning appearances at court proceedings," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). Every one of these factors weighs against Spence.

The United States sums up the argument well in its Response. See Response at 4–6. Although Spence was convicted of only four counts of making interstate transmissions of a threat to injure, the offense conduct consisted of more than 1,200 harassing phone calls to hospitals around the United States. See Presentence Investigation Report (PSR) ¶¶ 32, 35; (Doc. 33, Sentencing Transcript at 55). Most of the victims were nurses or other staff who worked at these hospitals. In the phone calls, Spence would give shocking descriptions of how he had raped or abused a young girl and how he would continue to do the same. The contents of these phone calls, some of which are detailed in the PSR and the factual basis of Spence's Plea Agreement (Doc. 19 at 12–15), are too graphic to be repeated, but Spence's counsel had to concede that they were "vile, repulsive, disgusting, not pleasant, and in fact downright repugnant," Sentencing Tr. at 42. As the Court noted at sentencing, the victims felt powerless to stop Spence from carrying out the horrible acts he threatened to

6

commit. Sentencing Tr. at 60. Although, in this case[3], the young girl that Spence threatened to rape was fictitious, the victims did not know that. "[T]o his victims, the child isn't imaginary. They are in fear for the child, and therefore, the idea of her being hurt is real to them." Response at 5. The Court identified 29 victims of Spence's harassing phone calls, PSR ¶ 35, but the government estimated that there were at least 500 separate victims, Sentencing Tr. at 54.

The offenses of conviction were simply the latest in a long line of continuous, often sexually violent, criminal behavior. In 1999, Spence was convicted of extortion in this very Court. PSR ¶ 89. "Between January 1997 and April 6, 1998, [Spence] made more than 100 obscene and harassing interstate telephone calls in which he threatened and intended to extort dozens of females for his own deviant sexual gratification." Id. For that offense, the Court sentenced Spence to a term of 168 months in prison. Id. He was released from prison on June 25, 2010, and within four months, despite being on supervised release, he committed the instant offenses of conviction. Within a matter of only 25 or 26 days in October 2010, Spence managed to make the more than 1,200 harassing and threatening phone calls that were the subject of the instant case. Sentencing Tr. at 39–40, 55. In addition, Spence has prior

---

[3] Spence has been convicted of committing lewd, lascivious, and indecent assault on an eight-year-old child, among other crimes. PSR ¶ 81.

convictions for: making obscene phone calls, PSR ¶ 80; lewd, lascivious, and indecent assault on an eight-year-old girl, id. ¶ 81; extortion, in which Spence called the mother of a missing 14-year-old and demanded that the mother have unnatural sex acts with him or else she would never see the child again, id., ¶ 84; extortion, in which Spence called more than 30 women and threatened them if they did not perform unnatural sex acts for him, id. ¶ 85; and two counts of child abuse, two counts of making threats, and one count of making harassing phone calls, based on 22 obscene and threatening phone calls that Spence made to an eleven-year-old girl, id. ¶ 87.

The Court cannot conclude that Spence's age, deteriorating health, relatively incident-free time in prison[4], or the terms of supervised release are sufficient to show he is not a danger to the community. Spence requires nothing more than a phone to commit the types of crimes he has been committing for decades. Because it requires little or no physical exertion for Spence to place a phone call, his poor health presents no significant impediment to him repeating his prior crimes. And the Court has no reason to believe that Spence would not reoffend if released because he has recidivated over and over again, including within four months of being released from his most recent, lengthy term of imprisonment. Moreover, given the ubiquity of communication devices

---

[4] Spence received one disciplinary report in 2013 for possessing an unauthorized item. (Doc. 54-1, Motion Exhibit A at 13).

and Spence's demonstrated willingness to flout the terms of supervised release, supervision by the Probation Office is insufficient to mitigate the risk he poses. As the Court remarked at sentencing:

> So what on earth will deter Mr. Spence and what on earth will protect the public? Because … it's just too easy to get a phone, and apparently it's too easy to get a list of hospitals.
>
> What will protect the public from Mr. Spence doing anything like this again? I think the only thing that would is him not being able to get to a phone, and the only way that happens is if he's in prison.

Sentencing Tr. at 62–63. The Court further remarked:

> [M]ost of the time you think if somebody serves a significant sentence and they get – and they're going to get out at age 70, you think, well, how much of a danger can they be at that point? They're not going to be able to go out and hurt somebody. The problem is that no matter how old you are, you can dial a phone. And so how do you protect the public from Mr. Spence's type of crimes, crimes that he is clearly incapable of stopping, other than leaving him in – other than incarcerating him for the rest of his natural life?

Id. at 63. Troublingly, if Spence does reoffend, he is capable of committing a significant amount of crime within a short period of time, just as he did when he made more than 1,200 shocking and harassing phone calls in less than a month. The Court commented at sentencing that it did not think "anything is going to stop Mr. Spence, and [the Court] think[s] he has completely forfeited his right to liberty based upon his history. There's … nothing redeeming in this criminal history. The willingness to prey on other human beings in such a cruel manner is simply intolerable." Id. at 64. These comments are equally true today. The Court is unable to conclude that Spence is not a danger to another

9

person or to the community under U.S.S.G. § 1B1.13(2).

Finally, for many of the same reasons discussed above, the sentencing factors under § 3553(a) do not support reducing Spence's sentence at this time. The Probation Office originally calculated Spence's sentencing guidelines range to be a term of 24–30 months in prison, based on a total offense level of 15 and a Criminal History Category of III. PSR ¶ 122. The Court departed upward, pursuant to U.S.S.G. §§ 5K2.0(a)(1)(A), 5K2.0(a)(2)(B), and 5K2.0(a)(3), because of the presence of aggravating circumstances, the volume of harassing phone calls Spence made within such a short period of time, and because "this case present[ed] circumstances that [the Court could not] imagine the Sentencing Commission ever contemplated." Sentencing Tr. at 55. Thus, the Court departed upward to an offense level of 17. Id. at 56. Under § 4A1.3, the Court also determined that a Criminal History Category of III "underrepresent[ed] the seriousness of this gentleman's criminal history," and departed upward to a Criminal History Category of VI. Id. at 56–58. As a result, Spence's advisory guidelines range became a term of 51–63 months in prison. Id. at 58.

The Court further determined that because the five-year statutory maximum term of imprisonment applicable to each count was inadequate, it was necessary to impose consecutive terms of imprisonment. Id. at 59–60. Based on the § 3553(a) factors, the Court varied upward from the guidelines

10

range and imposed the cumulative maximum term of imprisonment of 20 years, consisting of four consecutive terms of five years in prison as to each count of conviction. Id. at 60–69. The Court also imposed a consecutive term of 24 months in prison for violating the conditions of supervised release. Id. at 76–77. The Court, like counsel, considered the nature of the offense to be "vile, depraved, horrific, [and] repugnant," but said that even these descriptions were "inadequate to reflect the seriousness of the offense." Id. at 60. The Court explained that "[t]he history and characteristics of the defendant also call for a very significant sentence," given that he had engaged in the same conduct for 40 years and none of his previous terms of imprisonment had done anything to stop Spence from committing additional crimes. Id. The Court did not disagree that Spence suffers from an illness, but noted that Spence had received treatment at Butner FCC and it "did nothing to slow him down or to stop him." Id. at 61. Thus, the Court determined that the § 3553(a) factors, especially the need to afford adequate deterrence, to reflect the seriousness of the offense, and to protect the public, required the imposition of the cumulative maximum sentence. Id. at 63–66. The Eleventh Circuit Court of Appeals affirmed the conviction and sentence. United States v. Spence, 498 F. App'x 926 (11th Cir. 2012).

Spence argues, based on one comment in the medical records where a BOP physician "advised that he did meet the criteria [for compassionate

11

release] and was going through the process," Medical Records at 394, "that the BOP has determined that Mr. Spence qualifies for compassionate release," Motion for Compassionate Release at 9, and that "the BOP does not believe Mr. Spence to be a danger," id. at 18. This argument conflates a physician's determination of whether a prisoner's medical conditions meet the criteria for compassionate release – which is not really in dispute here – with a determination of whether someone is a danger to the community. The physician's comment does not mean that the BOP has determined that Spence is not a danger. Notably, the BOP has declined to file a motion for compassionate release on Spence's behalf, as it has the ability to do, see 18 U.S.C. § 3582(c)(1)(A), suggesting that it does not agree with Spence's assessment. Regardless, it is ultimately the Court's obligation to decide whether Spence is a danger to the community and whether the § 3553(a) factors support a sentence reduction. And this Court concludes that neither consideration favors Spence.

In view of all the § 3553(a) factors, including the need to protect the public from future crimes of the defendant, to reflect the seriousness of the offense, to afford adequate deterrence, and to consider the history and characteristics of the defendant, reducing Spence's sentence is not warranted at this time. The Court also cannot certify that he is not a danger to another person or to the community. U.S.S.G. § 1B1.13(2). Accordingly, Defendant

James D. Spence, Jr.'s pro se Motion for Compassionate Release (Doc. 45) and counseled Motion for Compassionate Release (Doc. 52) are **DENIED**.[5]

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of January, 2022.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant

---

[5] The motions in the companion case, No. 3:98-cr-144-MMH-LLL, D.E. 122, 125, are likewise denied.